UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHIFTEH VEYSSI,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 07cv11242-NG |
| ) | |
| **FEDEX CORPORATION,** ) | |
| Defendant. ) | |

**GERTNER, D.J.**

## OPINION AND ORDER
August, 2009

This cause of action arises out of the lost shipment of a Bulgari watch. Plaintiff Shifteh Veyssi ("Veyssi") alleges that defendant FedEx Corporation ("FedEx") delivered the package containing the watch to the correct address, but improperly left the package based on a "signature release" that was on file at FedEx for that address. Once the package was delivered and no further signature was required, someone absconded with the package, paying nothing to the plaintiff. Plaintiff sues FedEx for breach of contract because it left the package without requiring a signature from the putative thief, and for refusing to pay for the loss.[1]

FedEx moves for summary judgment (document #10) claiming it acted in accordance with the FedEx Service Guide, a document expressly incorporated into the FedEx Airbill filled out by plaintiff. That document (1) exempts FedEx from liability where a signature release is on file, (2) provides for a one-year statute of limitations, and in any case, (3) limits FedEx's liability to $500.00 under these circumstances. I hereby **GRANT** summary judgment to FedEx on ground (1). I need not address the remaining issues.

---

[1] The Court previously held that plaintiff's M.G.L. ch. 93A claims were preempted by the Airline Deregulation Act, 49 U.S.C. § 41713 (b)(4)(A). Order dated 7/20/2008.

Viewing the facts in the light most favorable to the non-moving party, I find the following: In May 2003, Plaintiff Veyssi decided to sell a gold Bulgari watch on ebay. She estimated the watch's value at $8,000.00, but the eventual sale price was $6,000.00. The purchaser was Adrian Tabaroui, who was apparently a thief.

Plaintiff's husband brought the watch to a FedEx store in Needham.[2] There is no question that plaintiff's package was shipped using a FedEx Airbill. On or around May 12, 2003, the FedEx package was delivered to the listed shipment address, 28 Goff Street, Meriden, Connecticut, with Tabaroui as the recipient. This address had a signature release on file, which obviated the need to have the recipient sign for the package  While plaintiff's husband, Babak Veyssi, claims that he told the FedEx representative that he wanted the recipient to sign for the package, this claim is unsubstantiated -- no affidavit to that effect, no sworn deposition testimony corroborating it.[3] What became of the package after it was dropped off is unknown. Plaintiff never received payment from Adrian Tabaroiu.

According to the affidavit of a customer service agent working at the FedEx branch where the package originated in May of 2003, a copy of the Service Guide was kept in plain view at the front counter of the relevant FedEx office so that customers or FedEx employees could refer to it. See Exhibit 2, Affidavit of Janice Cavanaugh, par. 6, Statement of Material Facts. (Indeed, as many as three service guides were available.) While plaintiff's husband testified that the Service Guide was not in plain view, he does not contest the fact that it was "available." Neither does he

---

[2] There is a discrepancy between Plaintiff's documents regarding the location of the store, which is not material to the issue at hand.

[3] In any case, since Tabaroui was the recipient, and the likely thief, having him sign for the package would not necessarily have been an impediment to his stealing it.

deny he never asked to see a copy of it.  See Exhibit 3, Deposition of Babak Veyssi, page, 15, lines 14-16.

The terms of that Service Guide wholly preclude this lawsuit and require judgment for the defendant.  See Exhibit E, to Exhibit 1, Bridwell Affidavit, Statement of Material Fact.  The Service Guide states "a shipment may also be released without a signature if the recipient has provided authorization by signing the Release Delivery Authorization and Indemnification Agreement for Recipients."  (Id. at 11.)  As such, there was no breach; FedEx delivered the package precisely as it was supposed to do. [4]

Even if there were a breach, the documents preclude insurance coverage beyond the $500 limit.  While Veyssi claims in his deposition that the oral representations of an unnamed FedEx employee somehow altered the terms of the contract of carriage with respect to the insurance coverage (terms which were embodied in the FedEx Airbill he had filled out, with the FedEx Service Guide incorporated by reference), the claim is without basis.  According to the Service Guide, no other agent or employee of FedEx Corporation, its affiliates or subsidiaries, nor any other person or party, is authorized to modify or change the Service Guide.  (Serv. Guide at 1, Ex. E to Bridwell Affidavit.)  The Guide notes that FedEx will not be responsible for their "compliance with verbal or written delivery instructions from the sender, recipient or persons claiming to represent the recipient."  Id. at 7.  In addition, the Guide provides that if there are any

---

[4] Since I find no breach of contract I need not address Veyssi's claim that he paid for extra insurance, declaring the value as $8,000 and paying an extra $58.99.  In any case, by its terms the Service Guide limits FedEx's liability to $500 for shipments containing jewelry and watches. Exhibit 1, pp. 5-6.  Likewise, I need not reach FedEx's argument that the statute of limitations bars this suit.  Under the "Limitations on Legal Actions & Arbitration of Certain Claims" section of the Service Guide, the first sentence states that "the right to damages against us under any cause of action arising from the transportation of any package pursuant to the FedEx Service Guide shall be extinguished unless an action is brought within one year from the date of delivery of the shipment or from the date on which the shipment should have been delivered." (Id. at 7.)

oral or written statements that conflict with the Service Guide, the Service Guide will control. (Id. at 10.)

Summary judgment should be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment will be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Clearly, plaintiff has failed to meet the Celotex standard.

Plaintiff's papers are completely inadequate to meet the standard of the rules or the case law. While Veyssi has filed a "Statement of Material Facts," it is simply a recitation of statements by counsel, not supported by any affidavits, documents or depositions. Babak Veyssi's deposition, which was attached to the defendant's Statement, does not contest the availability of the Service Guide at the office from which the package was shipped and (at least in the cited portions) fails to even mention a conversation about increasing Veyssi's insurance. Plaintiff's papers are wholly inadequate to establish an issue of fact with respect to any of the contested issues.

The Guide was properly incorporated into the contract of carriage via the reference made on the front and back of the Airbill. (Airbill, Exhibits B and D to Ex. 1, Affidavit of Bonnie Bridwell, Federal Express Corporation's Local Rule 56.1 Statement of Material Facts [hereinafter "Statement of Material Facts."]. The back of the Airbill embodies FedEx's "Terms and Conditions." The second paragraph contains the "Agreement to Terms" section which states "by giving us your package to deliver, you agree to all the terms on this Airbill and in our current Service Guide, which is available on request." (Id.) The Airbill also states that "if there is a

conflict between the Service Guide and this Airbill the Service Guide will control.  No one is authorized to change the terms of our Agreement."  (Id.) .

The terms and conditions were available to Veyssi in both the Airbill and the Service Guide.  The fact that plaintiff's husband did not read them and did not ask for the Service Guide, does not negate its terms.  Lowney v. Genrad, Inc., 925 F.Supp. 40 (D.Mass.,1995) (incorporation by reference must clearly identify the referred document); Schofield v. French, 36 F. Supp.2d 481, 486 (D.R.I. 1999) ("Under Rhode Island law, documents may be incorporated into a written contract merely by reference.  Explicit reference in the contract to a document puts reasonable people on notice that they should read it and know the terms."); American Dredging Co. v. Plaza Petroleum, Inc., 799 F. Supp. 1335 (E.D.N.Y 1992), *vac'd in part on other grounds*, 843 F. Supp. 91 (E.D.N.Y. 1993) ("The doctrine of incorporation by reference requires that the document to be incorporated be referred to and described in the contract so that the referenced document may be identified beyond a doubt.  Summary judgment [must be] precluded only when the reference which incorporates the extraneous document is ambiguous" (internal citations omitted)).  See also 14 C.F.R. § 253.4(a)-(c) (2008) (allowing incorporation by reference as long as the passenger is given notice of the terms and the air carrier makes the terms available upon request by mail or in person at ticket offices and airports.  Id

For the foregoing reasons, Defendant's Motion for Summary Judgment (document #10) is **GRANTED.**  This action is dismissed.

**SO ORDERED.**
**Date:  August 4, 2009**          */s/Nancy Gertner*
                                   **NANCY GERTNER, U.S.D.C.**